UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ALBERT DEMETRIUS YOUNG, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:19-cv-02090-KOB-SGC |
| RASHAUN ROBINSON, *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

The magistrate judge entered a report on September 1, 2023, recommending the court grant the defendants' pending motions and dismiss with prejudice as time barred the plaintiff's one remaining claim, an unlawful search claim. (Doc. 84). The plaintiff filed objections to the report and recommendation, followed by a motion for compassionate release based on the facts underlying his unlawful search claim. (Docs. 85, 86). The court addresses the objections and motion for compassionate release below.

**II.   Discussion**

    **A.   Objections**

        **1.   First Objection**

The plaintiff first objects to the magistrate judge's characterization of defendant Rashaun Robinson as a parole officer employed by the State of Alabama

Board of Pardons and Paroles and assigned to the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") as a task force officer. He asserts that at the time of the challenged search Robinson "had been re-assigned full-time as a[n] ATF agent." (Doc. 85 a p. 1).

The magistrate judge did not err in her characterization of Robinson's employment. Robinson submitted a sworn declaration stating that at the time of the challenged search he was an Alabama parole officer assigned to the ATF as a task force officer. (Doc. 75-4 at ¶¶ 2-3). The plaintiff submitted no evidence contradicting Robinson's sworn statement regarding his employment or otherwise creating a genuine issue of material fact in relation thereto.

### 2.     Second Objection

The plaintiff objects to the magistrate judge's determination the applicable limitations period began to run on the date of the challenged search, October 5, 2017. He asserts the limitations period instead began to run on the date of a suppression hearing in his federal criminal case, February 2, 2018, because that is when he learned Robinson was not acting as a parole officer in relation to the search, and "when the injury/cause of action was made apparent." (Doc. 85 at pp. 1-2).

The court interprets the plaintiff's assertion he learned during the suppression hearing that Robinson was not acting as a parole officer in relation to the search to mean the suppression hearing is when he learned Robinson was a parole officer

*assigned to the ATF as a task force officer*. The relevant basis of the plaintiff's unlawful search claim is that the search was conducted by someone other than his assigned parole officer. (*See* Doc. 38 at pp. 14-17). Whether it was a parole officer other than his assigned parole officer, an ATF agent, or a parole officer other than his assigned parole officer assigned to the ATF as a task force officer is immaterial. The plaintiff knew when the search occurred that Robinson was not his parole officer. His subsequent acquisition of knowledge regarding Robinson's precise employment assignment provided context for his claim but did not delay accrual of the claim.

The plaintiff's assertion the suppression hearing is "when the injury/cause of action was made apparent" ignores the constructive knowledge element of the discovery rule of accrual: a § 1983 claim accrues when a plaintiff knows, or should know, he has been injured and by whom. (*See* Doc. 84 at pp. 12-13). The magistrate judge determined the plaintiff knew, or should have known, when the search occurred that he had been injured and by whom. The plaintiff may not have fully understood his claim until the suppression hearing, but that is not determinative of accrual.

    **3.    Third Objection**

The plaintiff objects to the magistrate judge's finding an affidavit he submitted in response to the defendants' submissions was not notarized, dated,

signed, or subscribed as true under penalty of perjury. (Doc. 85 at pp. 1-2). He cites no basis for the objection, and review of the affidavit confirms the magistrate judge correctly observed it was not notarized, dated, signed, or subscribed as true under penalty of perjury. (*See* Doc. 82 at pp. 4-5). As such, the court cannot consider the affidavit and it is due to be stricken. (*See* Doc. 84 at p. 5).

### 4. Fourth Objection

Finally, the plaintiff asserts the address he had on file with his parole officer was not the address at which the challenged search was conducted. (Doc. 85 at p. 2). The magistrate judge determined that, insofar as a dispute arose as to whether the residence searched was the plaintiff's residence, its resolution is not necessary to disposition of the unlawful search claim. (Doc. 84 at p. 7 n.4). The plaintiff's assertion therefore provides no basis for a claim of error.

### B. Motion for Compassionate Release

In his motion for compassionate release, the plaintiff recites the facts underlying his unlawful search claim and asks that, "[d]ue to this manifest injustice," the court reinstate his parole. (Doc. 86). The court has explained to the plaintiff that he cannot obtain immediate or speedier relief from prison in a § 1983 action. (*See* Doc. 17; Doc. 38 at pp. 9-11; Doc. 44). The plaintiff's motion for compassionate relief is due to be denied for the reasons already articulated to the plaintiff.

## II.     Conclusion

After careful consideration of the record in this case, including the magistrate judge's report and the plaintiff's objections, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation, the court finds the defendants' pending motions (Docs. 71, 74, 75, 83) are due to the **GRANTED** and the plaintiff's one remaining claim is due to be **DISMISSED WITH PREJUDICE** as time barred. The plaintiff's motion for compassionate release (Doc. 86) is due to be **DENIED**. A final judgment will be entered.

**DONE** and **ORDERED** this 29th day of September, 2023.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE